**DAVID J. HOLDSWORTH** (4052)

Attorney for Plaintiff

9125 South Monroe Plaza Way, Suite C

Sandy, UT  84070

Telephone (801) 352-7701

Facsimile (801) 567-9960

david_holdsworth@hotmail.com

---

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | | |
|---|---|---|
| TERRY GARCIA, | : | **COMPLAINT** |
| | : | **(JURY TRIAL DEMANDED)** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SERVICE PARTNERS NORTHWEST, | : | |
| LLC, | : | Civil No.: |
| | : | |
| Defendant. | : | Hon. |

COMES NOW the Plaintiff, Terry Garcia, complains of Defendant

Service Partners Northwest, LLC, demands trial by jury, and, as and for causes of

action, alleges as follows:

### JURISDICTION

1.      This action is brought pursuant to the Americans with Disabilities

Act of 1990 ("ADA"), as amended, for discrimination in employment and for

retaliation.  Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000 e

(5) and the ADA.  Equitable and other relief are also sought under 42 U.S.C. § 2000 e

(5) (g), and the ADA.  Jurisdiction is also based on 28 U.S.C. §§ 1331, 1332 and 42 U.S.C. § 1981, et. seq.

2.     Venue is properly laid in the District of Utah in that the acts alleged herein to establish liability occurred in the District of Utah.

## PARTIES

3.     Plaintiff Terry Garcia (hereinafter "Plaintiff") is a resident of the State of Utah.

4.     The entity named herein as Defendant is  Service Partners Northwest, LLC.  At all times relevant hereto,  Service Partners Northwest, LLC, (hereinafter "Defendant" or "Service Partners"), did business in the State of Utah and employed 15 or more employees.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.     On April 13, 2017, Plaintiff filed a Charge of Discrimination with the Utah Antidiscrimination and Labor Division in which he alleged that Defendant discriminated against him based on his disability.

6.     Plaintiff filed his Charge of Discrimination within 180 days from the last date of the alleged harm.  Thus, all jurisdictional requirements have been met as required by the Americans with Disabilities Act of 1990, as amended.

7.      Following an investigation, the Utah Labor Commission's Antidiscrimination and Labor Division issued a Determination and Order in Mr. Garcia's favor, finding reasonable cause to believe that Defendant had subjected Mr. Garcia to discrimination based on his disability.  Thereafter, Mr. Garcia requested the EEOC to issue a Notice of Right to Sue letter.  The EEOC did so; Mr. Garcia received such Notice of Right to Sue letter on approximately November 5, 2018.

8.      Mr. Garcia has exhausted his administrative remedies and is timely filing the instant civil action.

## STATEMENT OF FACTS

9.      Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through 8 above as if alleged in full herein.

10.      Defendant hired Plaintiff in July 2016, as a warehouse laborer. Plaintiff's duties included loading, unloading, receiving, storing, and distributing inventory.  To perform his job duties, Plaintiff used a forklift and other equipment to move inventory.

11.      On December 7, 2016, Plaintiff seriously injured his left hand in a work-related accident wherein a forklift Plaintiff was using tipped over and crushed Plaintiff's left hand.  The injury consisted of broken bones in his left hand and wrist and required reconstructive surgeries.  The surgeries consisted of two skin grafts, a plate in

his wrist, and screws in his thumb and pinky fingers.  Due to the severe nature of

Plaintiff's injury, there is a possibility that he may require ongoing pain management.

Plaintiff's impairment ratings suggest significant loss of  motion in his wrists and

fingers, impairment to his thumb and fingers, along with deficiencies and loss of range

in motion in his hand.  Because of this workplace injury, Plaintiff has limited use of his

left hand.  Plaintiff has great difficulty performing functions such as lifting, carrying,

pushing, pulling, gripping, holding, and squeezing with his left hand.

   12. He alleges that, on January 10, 2017, he received a final

counseling for the forklift accident, which resulted in a three-day suspension.

   13. Plaintiff alleges that, after and because of the work-related injury,

he remained off work for approximately sixty days.

   14. As of February 2018, Plaintiff has reached maximum medical

improvement in his recovery and returned to work on March 6, 2017.

   15. Upon Plaintiff's return, Plaintiff needed a reasonable

accommodation, in the form of the modification of his duties to include sweeping and

cleaning the warehouse and counting and double checking inventory.

   16. Plaintiff alleges that, because of the accident and injury to his hind,

Defendant was looking for a reason to terminate his employment.

17.     Three days after Plaintiff requested a reasonable accommodation and returned to work, on March 9, 2017, Defendant terminated Plaintiff's employment.

18.     Plaintiff had a positive relationship with his co-workers.  Plaintiff alleges that, on March 9, 2017, Laing advised him that a co-worker, Stevenson, had complained about getting into an argument with him.  Plaintiff denied arguing with Stevenson.  Yet, Defendant terminated Plaintiff's employment supposedly or ostensibly because Plaintiff had gotten into an argument with Stevenson and Stevenson had complained about the same.  Thereafter, Plaintiff contacted Stevenson, who denied he had complained to Laing.

19.     Plaintiff alleges he did not experience problems with his relations with co-workers any different from any other employee.

20.     Plaintiff alleges that Laing falsely accused him of starting or being involved in an argument with Stevenson as a reason to terminate him.

21.     Plaintiff alleges Defendant discriminated against Plaintiff based on his work-related injury and the consequent disability.  Plaintiff alleges he did experience unusual conflicts with employees and did not perform poorly or inconsistently.  Other than its own assertions, Defendant provided no information to support problems in Plaintiff's workplace conduct such as documented corrective action.

5

22.     Plaintiff never engaged in unprofessional behavior with other employees, customers, or vendors.

23.     Plaintiff alleges Fresquez and Gonzales, co-workers, describe Plaintiff's workplace behavior as professional and congenial without conflict.

24.     Plaintiff alleges Stevenson denies that he argued with Plaintiff and further denies he complained to Laing, and denies that Plaintiff used profanities in the presence of employees and customers.  According to Stevenson, Plaintiff has always maintained a professional relationship with his coworkers.  Furthermore, Stevenson states that, approximately a week prior, Laing informed him that he would be placed in Plaintiff's position in the warehouse.

25.     Defendant terminated Plaintiff's employment on March 9, 2017, citing ongoing problems with his allegedly volatile conduct, which allegedly negatively influenced morale.

26.     Plaintiff brings this action against the Defendant alleging violation of the Americans with Disabilities Act of 1990, as amended, which provide that it is unlawful to discriminate against an employee on the basis of disability and to retaliate against an employee for engaging in protected activity.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### DEFENDANT FAILED TO AFFORD REASONABLE ACCOMMODATIONS

6

27.     Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through 26 above as if alleged in full herein.

28.     In order to state a claim of failure to accommodate, in violation of the ADA, Plaintiff must allege facts which establish, or tend to establish, that: (1) he has a physical or mental impairment that substantially limits one or more of the major life activities; (2) he was qualified, with or without reasonable accommodation, to perform the essential functions of the job he held or desired; (3) he requested a reasonable accommodation or, Defendant knew or should have known of his need for an accommodation; and (4) Defendant refused or failed to provide a reasonable accommodation.

29.     Plaintiff suffers from a crushed left hand impairment.  This impairment substantially limits Plaintiff in being able to perform various tasks.

30.     Plaintiff's allegations satisfy the first element of a prima facie case of denial of reasonable accommodation.

31.     Plaintiff was qualified, with or without a reasonable accommodation, to perform the essential functions of the job he held or desired. Plaintiff was able to perform the essential functions of his job, with reasonable accommodation.  If he had been accommodated, he could also have been able to

perform the duties of his job in a successful manner.  Plaintiff's allegations satisfy the second element of a prima facie case of denial of reasonable accommodation.

32.     Plaintiff requested various reasonable accommodations.  A reasonable accommodation may include such things as modifications or adjustments to the work environment, or to the manner or circumstances under which the duties of the position held or desired are customarily performed, which enable a qualified individual with a disability to perform the essential functions of that position.

33.     In addition, Plaintiff alleges Defendant knew or should have known of Plaintiff's need for reasonable accommodations.  Plaintiff's allegations satisfy the third element of a prima facie case of denial of reasonable accommodation.

34.     Plaintiff alleges Defendant refused or failed to provide a reasonable accommodation.  Such was an inadequate response to Plaintiff's request for accommodation.

35.     Had Defendant accommodated Plaintiff as Plaintiff had needed and wanted, he could have improved his performance.  Defendant's failure to provide Plaintiff with the reasonable accommodations he requested (or a reasonably equivalent alternative accommodation) constitutes a type of discrimination on the basis of disability.

36.     As a result of Service Partners's failure to accommodate Mr. Garcia's disability, Mr. Garcia developed some problems in his performance and for which Service Partners terminated his employment.

37.     Had Service Partners accommodated his disability, as Plaintiff had requested, there is every reason to think that he would have been successful in addressing and resolving any concerns about his performance.

38.     Plaintiff's evidence creates genuine issues of material fact as to his claims of discrimination on the basis of disability and retaliation.

39.     Certainly, there are limits to the employer's obligations to accommodate an employee with a disability.  It does not have to provide accommodations to a disabled employee who does not want accommodations.  It does not have to provide accommodations which subject employers to undue hardship.  But the employer has to provide a qualified employee with disabilities an accommodation or a set of accommodations which are reasonable.

40.     Plaintiff alleges that to provide such accommodation would not have created an undue hardship.  *Hall v. USPS,* 857 F.2d 1073 (6th Cir. 1988), *Borkowski v. Valley Central School Dist.,* 63 F.3d 131 (2nd Cir. 1995).  Plaintiff's allegations satisfy the third element of his prima facie case.

9

41.     Service Partners could have accommodated Plaintiff's disability by continuing such informal accommodations, but failed to do so and then took adverse action against him, Plaintiff's allegations satisfy the fourth elements of the prima facie case.

42.     Accommodating Plaintiff the way he needed to be accommodated (informally) would have been reasonable and would not have caused Service Partners an undue hardship. *Hall v. USPS, supra.*

43.     Plaintiffs's evidence raises a genuine issue of material fact as to whether Service Partners failed in its obligation to accommodate Plaintiff's disability. That fact issue precludes summary judgment.

## SECOND CAUSE OF ACTION
## PLAINTIFF'S DISABILITY MOTIVATED DEFENDANT'S DECISION TO TERMINATE HIS EMPLOYMENT

44.     Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through 43 above as if alleged in full herein.

45.     In order to state a claim of discrimination based on disability, Plaintiff must allege facts which establish, or tend to establish, that: (1) he is disabled in that he has an impairment which substantially limits a major life activity; (2) he was otherwise qualified for the position he held or desired and could perform the essential duties of the position, with or without reasonable accommodation; (3) Defendant took

adverse action against him and; (4) the circumstances surrounding the adverse action give rise to an inference of discrimination on the basis of disability.

46.     As alleged above, Plaintiff alleges he suffers from a disability and is a member of a protected class.  Plaintiff's allegations satisfy the first element of a prima facie case of discrimination based on disability.

47.     Plaintiff alleges he was qualified for the position he held or desired and could perform the essential functions of the position with reasonable accommodations.

48.     If Plaintiff had been accommodated as requested, Plaintiff could have performed all of the essential functions of the position he held or desired and would have been a qualified individual with a disability.  Plaintiff's allegations satisfy the second element of a prima facie case of discrimination based on disability.

49.     Defendant took adverse action against Plaintiff when it disciplined him and then terminated his employment.  Plaintiff's allegations satisfy the third element of a prima facie case of discrimination based on disability.

50.     The circumstances surrounding such adverse action give rise to an inference of discrimination on the basis of disability in that, if Plaintiff did have any performance problems, Defendant's failure to accommodate Plaintiff caused or contributed to Plaintiff's performance problems.

11

51.     Plaintiff's evidence raises a genuine issue of material fact as to whether Service Partners failed in its obligation to accommodate Plaintiff's disability. The fact issue precludes summary judgment.

### THIRD CAUSE OF ACTION
### DEFENDANT SUBJECTED PLAINTIFF TO UNLAWFUL RETALIATION

52.     Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through 51 above as if alleged in full herein.

53.     In order to state a claim of retaliation, Plaintiff must allege facts which establish, or tend to establish, that: (1) he engaged in protected opposition to discrimination; (2) Defendant subjected Plaintiff to an adverse employment action contemporaneous with or subsequent to the protected activity; and (3) there is a causal connection between the protected activity and the adverse employment action.

54.     A protected activity is one in which the individual has complained about discrimination, filed a Charge of Discrimination or opposed a discriminatory practice.

55.     Engaging in protected activity also includes requesting a reasonable accommodation.

56.     Plaintiff alleges that, in March 2017, he requested various reasonable accommodations, including the reasonable accommodation.  In doing so, Plaintiff engaged in protected activity.

57.     Thereafter, as set forth above, Defendant took adverse action against Plaintiff.

58.     In order to establish the third element, Plaintiff must show that Defendant subjected him to adverse employment action.  The evidence shows that Defendant subjected Plaintiff to two adverse employment actions.  First, Defendant issued Plaintiff a final counseling session and three-day suspension on January 11, 2017, due to Plaintiff's forklift accident on December 7, 2016.  Second, Defendant terminated Plaintiff on March 9, 20917.  Thus, establishing the third element.

59.     Plaintiff alleges a causal connection exists between his engaging in protected activity and Defendant's action in taking adverse action against him.  Plaintiff alleges temporal proximity — namely, that, after he requested reasonable accommodations, only a few days passed before before Defendant terminated his employment.  Furthermore, Plaintiff alleges Defendant did not offer him any accommodation or any explanation why it could not accommodate Plaintiff.  Furthermore, Plaintiff alleges Defendant's rationale for the termination — of poor relations with co-workers, being volatile and insubordinate to management — are factually false and pretextual.

60.     Once the Defendant articulates a legitimate, non-discriminatory reason for its actions, the burden shifts back to Plaintiff to show the articulated reason is a pretext.  Pretext may be demonstrated by showing: (1) it is more likely than not that

13

the Defendant's actions were motivated by a discriminatory reason; or (2) the Defendant's articulated reason is not credible. *McKnight v. Kimberly Clark Corp.,* 149 F.3d 1125, 1129 (10th Cir. 1998).

61.     Defendant alleges that Plaintiff had a history of engaging in volatile and explosive behavior.  Defendant alleges that this behavior culminated on March 7, 2017, when Plaintiff stormed out of the office, stating, "I'm sick of this place, I can't do a fucking thing".  Defendant alleges that, thereafter, Plaintiff proceeded to the warehouse and took control over Stevenson's duties, an action which upset Stevenson and caused him to complain to Laing.

62.     Defendant also alleges that, when instructed not to direct Stevenson, Plaintiff became angry and used profanities in the presence of customers and employees.  However, Stevenson's testimonial evidence to the UALD showed that he was not upset nor did he complain about Plaintiff.  Stevenson also denied that Plaintiff used profanities, as alleged by the Defendant.  Similarly, Stevenson stated to the UALD that, approximately a week prior to Plaintiff's termination, Laing advised him that Laing would soon be replacing Plaintiff.

63.     Also manifesting that Defendant's reason is pretextual is the testimonial evidence provided by Fresquez and Gonzales to the UALD.  Both employees assert that Plaintiff never displayed volatile behavior in the workplace and always conducted himself in a professional manner.

64.     Moreover, Defendant provided no disciplinary history or other evidence to show that Plaintiff characteristically participated in unprofessional and volatile conduct.  The lack of disciplinary history documenting unprofessional and volatile behavior substantiates the testimony provided by Stevenson, Fresquez and Gonzales and the validity of the company's alleged non-discriminatory, non-retaliatory reason for the adverse action.

65.     Based on the foregoing, the Division found that it is more likely than not that Defendant's reason given for Plaintiff's termination was a pretext for discrimination based on Plaintiff's disability.  Plaintiff asserts that, for all of the reasons set forth above, Defendant's reason for the termination is pretextual.

## DAMAGES

66.     Mr. Garcia alleges Defendant's actions and inactions have caused him various losses, injuries and other damages, including lost wages, lost benefits, damages to his employability and emotional distress.

## V.  RELIEF REQUESTED

Accordingly, based on the above allegations, claims and damages, Plaintiff requests the following relief, specifically an Order and Judgment:

1.     Declaring that Defendant discriminated against Mr. Garcia on the basis of his disability and retaliated against him for engaging in protected activity, in violation of the ADA;

15

2.    Awarding Mr. Garcia "make whole" relief, including awarding

Mr. Garcia lost wages and lost benefits from the time Defendant

terminated Mr. Garcia's employment until Mr. Garcia secures

comparable employment or for a period of three (3) years;

3.    Awarding Mr. Garcia his reasonable attorney's fees and costs;

4.    Awarding Mr. Garcia such other relief as may be just and

equitable.

DATED this 16th day of January, 2019.


   _/s/ David J. Holdsworth_
   David J.  Holdsworth
   *Attorney for Plaintiff*

VERIFICATION

Terry Garcia, being first duly sworn, upon his oath, deposes and says that he is the Plaintiff in the above-entitled action, that he has read the foregoing COMPLAINT and understands the contents thereof, and the allegations made therein are true of his own knowledge, except as to those matters alleged on information and belief which he believes to be true.


_/s/ Terry Garcia_____
Terry Garcia


SUBSCRIBED AND SWORN to before me, a Notary Public, this _____ day of January, 2019.


_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:        RESIDING AT: _____

_____